In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from (1) a decision of the Family Court, Westchester County (Klein, J.), entered October 7, 2011, made after a hearing, and (2) an order of the same court entered November 28, 2011, which, upon the decision, granted the mother’s petition to modify a prior order of the same court dated October 22, 2009, so as to award her sole legal and physical custody of the parties’ child.
*820 Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
Ordered that the order is affirmed, without costs or disbursements.
In order to modify an existing child custody arrangement, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the child (see Family Ct Act § 652; Matter of Abranko v Vargas, 26 AD3d 490, 491 [2006]). “In determining the best interest of the child, the court must consider the totality of the circumstances” (Matter of Zindle v Hernandez, 26 AD3d 338, 338 [2006]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). “The court’s determination depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents” (Matter of Palm v Palm, 15 AD3d 405, 405 [2005]).
Here, the evidence in the record demonstrates that the parties have a contentious relationship and are unable to communicate with each other. As such, there is a sound and substantial basis for the Family Court’s determination that joint custody was no longer appropriate (see Matter of O’Loughlin v Sweetland, 98 AD3d 983 [2012]; Matter of Pavone v Bronson, 88 AD3d 724, 725 [2011]; Matter of Gorniok v Zeledon-Mussio, 82 AD3d 767, 768 [2011]). The record also supports the court’s determination that sole legal and physical custody should be with the mother (see Matter of O’Loughlin v Sweetland, 98 AD3d 983 [2012]; Matter of Adams v Perryman, 35 AD3d 852, 853 [2006]). Accordingly, the court properly granted the mother’s petition. Mastro, J.E, Chambers, Lott and Sgroi, JJ., concur.